UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BUDDY RAY GARY, | ) | 1:10-cv—01223-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER LEAVE |
| | ) | TO FILE A MOTION TO AMEND THE |
| | ) | PETITION AND NAME A PROPER |
| v. | ) | RESPONDENT NO LATER THAN THIRTY |
| | ) | (30) DAYS AFTER THE DATE OF |
| STANISLAUS COUNTY JAIL, | ) | SERVICE OF THIS ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by consenting in a signed writing filed by Petitioner on July 13, 2010 (doc. 4).  Pending before the Court is the petition filed on July 8, 2010.

　　I.　Screening the Petition

　　Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

1

Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner named the Stanislaus County Jail as Respondent. Petitioner is incarcerated at the Stanislaus County Jail located in Modesto, California. The officer in charge of that facility is Adam Christianson, Sheriff of Stanislaus County.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). The appropriate

2

respondent where a petitioner is housed in a jail is the sheriff in charge of the facility of confinement. Hood v. California Dept. of Corrections, 2008 WL 1899915, *2 (E.D. Cal. April 28, 2008). As set forth above, Adam Christianson is currently the Sheriff of Stanislaus County.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

### III. Order Granting Leave to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   November 18, 2010**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

3