# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUDDY RAY GARY,<br><br>            Petitioner,<br><br>    v.<br><br>STANISLAUS COUNTY JAIL,<br><br>            Respondent. | 1:10-cv—01223-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR LACK OF PERSONAL JURISDICTION OVER RESPONDENT (Doc. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by consenting in a signed writing filed by Petitioner on July 13, 2010 (doc. 4).  Pending before the Court is the petition filed on July 8, 2010.

I. Background

In the petition, Petitioner challenges a criminal conviction sustained in Stanislaus County.  Petitioner named the Stanislaus County Jail as the Respondent in this proceeding.  Because Petitioner failed to name the state officer having custody of him as a respondent, on November 19, 2010, the Court issued an order

1

1  granting Petitioner leave to file a motion to amend the petition
2  to name a proper respondent within thirty days of service.  The
3  Court's order was filed and served on Petitioner on November 19,
4  2010.  More than thirty days have passed since service of the
5  order on Petitioner, but Petitioner has failed to respond to the
6  Court's order.  In the order, the Court informed Petitioner that
7  if he failed to comply with the direction to name a proper
8  respondent, the petition would be subject to dismissal for lack
9  of jurisdiction.  (Doc. 7, 2-3.)
10       II.  <u>Dismissal for Lack of Personal Jurisdiction</u>
11       Title 28 U.S.C. § 2242 provides that a petition for writ of
12 habeas corpus shall allege the name of the person who has custody
13 over the applicant.  Rule 2(a) of the Rules Governing Section
14 2254 Cases in the District Courts (Habeas Rules) provides that if
15 the petitioner is currently in custody under a state-court
16 judgment, the petition must name as respondent the state officer
17 who has custody.  A failure to name the proper respondent
18 destroys personal jurisdiction. <u>Stanley v. California Supreme</u>
19 <u>Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  The warden of the
20 penitentiary where a prisoner is confined constitutes the
21 custodian who must be named in the petition, and the petition
22 must be filed in the district of confinement. <u>Johnson v. Reilly</u>,
23 349 F.3d 1149, 1153 (9th Cir. 2003).  The appropriate respondent
24 where a petitioner is housed in a jail is the sheriff in charge
25 of the facility of confinement. <u>Hood v. California Dept. of</u>
26 <u>Corrections</u>, 2008 WL 1899915, *2 (E.D. Cal. April 28, 2008).
27       Here, Petitioner failed to name a proper respondent.
28 Although Petitioner was given an opportunity to name a proper

respondent, Petitioner failed to do so.

Accordingly, the petition must be dismissed for lack of personal jurisdiction over the respondent. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

### III.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of

frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

1) The petition is DISMISSED for lack of personal jurisdiction over the Respondent; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

**Dated:   March 14, 2011**                     /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE